**ORDERED.**

TIFFANY & BOSCO P.A.

Dated: February 02, 2007



2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**EILEEN W. HOLLOWELL**
U.S. Bankruptcy Judge
_____

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

07-00096/0009817698

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Barry O. Ray and Sandra G. Ray<br><br>Debtors.<br>_____<br>First Union Home Equity Bank, N.A.<br><br>Movant,<br>vs.<br><br>Barry O. Ray and Sandra G. Ray, Debtors; Dianne C. Kerns, Trustee.<br><br>Respondents. | No. 4:05-bk-05183-EWH<br><br>Chapter 13<br><br>(Related to Docket # 43)<br><br>ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF |

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Pima County, Arizona Recorder's Office, wherein Barry O. Ray and Sandra G. Ray,

*GRANTED*

are designated as trustors and First Union Home Equity Bank, N.A. is the beneficiary/successor beneficiary, which Deed of Trust encumbers the following described real property:

25405 E. Whetstone Place, Benson, AZ 85602

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| **4 PAYMENTS at $659.11** (November 5, 2006 – February 5, 2007) | $2,636.44 |
| **3 LATE CHARGES at $26.36** (November 20, 2006 – January 20, 2007) | $ 79.08 |
| **BANKRUPTCY ATTORNEY FEES & COSTS** | $ 600.00 |
| **TOTAL AMOUNT OF POST PETITION DEFAULT** | $3,315.48 |

1. The total arrearage of $3,315.48, shall be paid in 6 monthly installments of $552.58. These payments shall be in addition to the regular monthly payment and shall be due on or before the 20th day of the month commencing with the February 20, 2007 payment and continuing throughout and concluding on or before July 20, 2007. The payments to be made by debtor pursuant to this paragraph shall be delivered to debtor's counsel. Debtor's counsel shall retain a copy for future verification and then forward any such payment received to Movant who shall retain a copy of any and all such payments for future verification if necessary.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for March 5, 2007 in the amount of $659.11, which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that the terms of Plan of Reorganization proposed for confirmation shall be consistent herewith. Any inconsistency herewith, or the inability of the Debtors to have a Plan confirmed for any reason, shall constitute an event of default by Debtors, and no further notice is required.

IT IS FURTHER ORDERED that First Union Home Equity Bank, N.A. as the beneficiary/successor beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Order are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 4:05-bk-05183-EWH is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and First Union Home Equity Bank, N.A. and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to

3

protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that this Order terminates upon Debtor curing the post petition default described herein.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____, 2007.



_____
The Honorable Eileen W. Hollowell